IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WARREN HANSON, individually; and

SWS ENGRAVING, L.L.C., by and through
Warren Hanson, a Member of SWS
Engraving, L.L.C.                                             PLAINTIFF

vs.                         Case No. 4:18-cv-04025-SOH

STEVEN K. RANDALL; and
JENNIFER RANDALL ET AL.                            DEFENDANTS

MOTION FOR CLARIFICATION OF RULES AND
EXTENTION OF TIME IF NEEDED

Defendant, Steven K. Randall, through his undersigned counsel, respectfully requests as follows:

I.

The plaintiff party removed his case from state court court by filing a notice of removal in state court on February 21, 2018. Service of the notice on this party occurred late that afternoon, by fax, at approximately 3:30 p.m.

II.

While in the state court, Defendant Randall had timely filed responsive motions to the original complaint, including motions for more definite statement and motions to dismiss. Those motions had been fully briefed but not yet ruled upon at the time of removal.

1

III.

The plaintiff party then filed an Amended Complaint on February 9, 2018. The Amended Complaint is virtually identical to the Original Complaint, and the objections and other matters set forth in the responsive motions Defendant Randall filed to the Original Complaint should apply with equal vigor to the Amended Complaint.

IV.

The Arkansas Rules of Civil Procedure governed at the time of the filing of the Amended Complaint. Those rules afforded Defendant Randall twenty (20) days to file a responsive motion or pleading to the Amended Complaint. Ark. R. Civ. P. 15. March 1, 2018 was the deadline extended to Randall to file under those state rules.

V.

The removal to federal court on February 21, 2018 preceded that deadline by a week. The Federal Rules of Civil Procedure apply in proceedings in the federal district courts. The federal rules of civil procedure require a party to file its response to an amended pleading 14 days after service. Fed. R. Civ. P. 15. Those rules would shorten the deadline by a week to February 23, 2018.

VI.

Of course, under the federal rules, the plaintiff would not have been allowed to amend without first obtaining leave of court in a motion to amend. Fed. R. Civ. P. 15. The opposing parties would have a heads-up on the coming pleading, by reason of the copy served with

the motion seeking leave to amend. They could begin preparation of responsive material before service before the fourteen (14) day response time would begin to accrue. This may account for the longer service time provided under the Arkansas rules, because leave of court is not required to file an amended pleading under the state court rules. Ark. R. Civ. P. 15. The responding parties do not have the benefit of the heads-up that the federal rules provide by requiring leave to amend.

VII.

Defendant Randall is uncertain whether, upon removal of a state court case, existing state time periods for responsive matters, not yet due to be filed under the state rules, continue to apply to those outstanding responsive matters, or whether the federal rules and their shorter time periods apply to those outstanding responsive matters upon removal.

VIII.

Defendant Randall respectfully requests a clarification from the Court on this question, and he further requests that the Court grant him an extension on filing his responsive materials to the Amended Complaint until the Court clarifies this question for the purpose of these proceedings.

IX.

In the event the shorter federal time period applies, Defendant Randall requests that the Court treat his responsive materials to the

Original Complaint as incorporated herein by reference in their entirety, since they had not yet been ruled upon, and that the Court deem them filed of this day in response to the Amended Complaint to avoid any default that might occur.

X.

However, it is Defendant Randall's request that he would like the opportunity to adjust his arguments and authorities cited in his responsive materials to the federal rules of civil procedure and the federal case law authority interpreting those rules.  Arkansas has not adopted the federal pleading standards, and distinctions exist between the two systems calling for adjustments in arguments and authorities.  This would also apply to the Amended Complaint, as under the federal rules it would be required to conform to the <u>Twombly</u> / <u>Iqbal</u> pleading standards.  Defendant Randall wishes the opportunity to respond to the Amended Complaint with respect to those standards.

WHEREFORE, Defendant Randall respectfully requests the Court grant him the relief requested herein.

**STAYTON & ASSOCIATES, P.C.**

<u>/s/ Calvin Beasley</u>
Calvin Beasley 2016182
405 East Third Street South
Prescott, AR 71857
Telephone: (870) 887-0550
Facsimile: (870) 887-0553
Email: <u>staytonlawfirm@yahoo.com</u>
Attorney for Steven K. Randall

**CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following: William Blake Montgomery, Lead Attorney for Plaintiff Warren Hanson, *Individually*; William Blake Montgomery, Lead Attorney for Plaintiff SWS Engraving, LLC, *by and through Warren Hanson, a member of SWS Engraving, L.L.C.*; and Winston C. Mathis, Lead Attorney for Defendant Jennifer Randall.

/s/ Calvin Beasley
Calvin Beasley, 2016182
Attorney for Defendant Steven K. Randall
Stayton & Associates, P.C.
405 E 3rd St S
Prescott, AR  71857
Phone:  (870) 887-0550
Facsimile:  (870) 887-0553
staytonlawfirm@yahoo.com