IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WARREN HANSON, individually; and
SWS ENGRAVING, LLC, by and through
Warren Hanson, a Member of SWS
Engraving, LLC                                                                                    PLAINTIFFS

v.                                       Civil No. 4:18-cv-04025

STEVEN K. RANDALL; and
JENNIFER RANDALL                                                                              DEFENDANTS

## ORDER

Before the Court is a Motion for Clarification of Rules and Extension of Time if Needed, filed by Separate Defendant Steven K. Randall ("Randall"). ECF No. 9. Plaintiffs initially filed this action in the Circuit Court of Hempstead County, Arkansas, on December 20, 2017. ECF No. 1-1. On January 12, 2018, Defendants filed two motions to dismiss, a motion for a more definite statement, and counterclaims. *Id*. On February 9, 2018, Plaintiffs filed their First Amended Complaint in the Circuit Court of Hempstead County. ECF No. 4. Before Randall filed a responsive pleading to the amended complaint, Plaintiffs removed the action to this Court on February 21, 2018.[1]

In the instant motion, Randall petitions the Court for clarification with regard to whether the Arkansas Rules of Civil Procedure or the Federal Rules of Civil Procedure govern the time to file a responsive pleading to Plaintiffs' First Amended Complaint. Specifically, Randall maintains that he "is uncertain whether, upon removal of a state court case, existing state time periods for

---

[1] In their removal papers, Plaintiffs claim that removal to this Court is proper pursuant to 28 U.S.C. § 1454(a). Section 1454(a) provides that "[a] civil action in which any party asserts a claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights may be removed to the district court of the United States for the district and division embracing the place where the action is pending."

responsive matters, not yet due to be filed under the state rules, continue to apply to those outstanding responsive matters, or whether the federal rules and their shorter time periods apply to those outstanding responsive matters upon removal." ECF No. 9, p. 3.

The Court denies Randall's motion to the extent that it seeks clarification as to a specific deadline to file a responsive pleading.  As Randall correctly notes, the Federal Rules of Civil Procedure govern an action removed from state court.  *Brown v. Kerkhoff*, 462 F. Supp. 2d 976, 981 n.3 (S.D. Iowa 2006) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 438 (1974); Fed. R. Civ. P. 81(c)).  Thus, the Court directs Randall to Federal Rule of Civil Procedure 81(c)(2), which governs the time to file a responsive pleading when an action is removed from state court.  Rule 81(c)(2) provides as follows:

> After removal, repleading is unnecessary unless the court orders it. A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods:
> (A) 21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief;
> (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or
> (C) 7 days after the notice of removal is filed.

Fed. R. Civ. P. 81(c)(2); *see also* 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3738 (4th ed.) ("[A]ccording to Federal Civil Rule 81(c)(2), if a defendant in a removed action has not answered the complaint prior to removal, he must answer or present the defenses or objections available to him under the federal pleading rules within twenty-one days after the receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action is based, or within twenty-one days after being served with the summons for an initial pleading on file at the time of service, or within seven days after the notice of removal is filed, whichever period is longest.").

Randall's motion further requests "an extension on filing his responsive materials to the Amended Complaint until the Court clarifies this question for the purpose of these proceedings." ECF No. 9, p. 3.  The Court finds that Randall's motion for an extension should be denied.  If Randall finds that additional time is needed, the Court will entertain a properly-filed motion for extension of time to file a responsive pleading.  Randall is directed to comply with Local Rule 6.2 if he proceeds with such a motion.

For the reasons explained above, the Court finds that Randall's Motion for Clarification of Rules and Extension of Time if Needed (ECF No. 9) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 26th day of February, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge
