**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**TEXARKANA DIVISION**

WARREN HANSON, individually; and

SWS ENGRAVING, L.L.C., by and through
Warren Hanson, a Member of SWS
Engraving, L.L.C.                                                                               PLAINTIFFS

vs.                                            Case No. 4:18-cv-04025-SOH

STEVEN K. RANDALL; and

JENNIFER RANDALL                                                                                 DEFENDANTS

**PLAINTIFFS' RESPONSE TO DEFENDANT STEVEN K. RANDALL'S
MOTION TO REMAND**

COMES NOW, the Plaintiffs, Warren Hanson and SWS Engraving, LLC, by and through their undersigned counsel Montgomery Law Firm, PLLC, and for their Response states and alleges as follows, to-wit:

## I.   Introduction

The Defendant's Motion presents three issues to this Court, (1) whether the Younger abstention doctrine requires this Court to remand the Plaintiffs' case to state court; (2) whether Plaintiffs have "standing," or perhaps based on the text of the Defendant's argument whether this Court has subject-matter jurisdiction under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1454(a); and (3) whether 28 U.S.C. § 1446(b)(3) gives Plaintiffs a basis for removal.

Plaintiffs contend that this Court should not abstain from jurisdiction over this case as the Defendant requests. As a basis for abstention, the Defendant cites the Younger abstention doctrine, a doctrine that applies in narrow circumstances –

circumstances that are not present in the facts of this case. As a result, this Court should not abstain, and the case should not be remanded back to state court.

The Defendant's argument of standing may be more appropriately couched as one for subject-matter jurisdiction based on the text of the Defendant's motion. Plaintiffs do not believe the Defendant intended to argue that Plaintiffs are not the real party in interest with a justiciable issue. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992) (discussion of standing). Plaintiffs contend that they are a proper party for removal under 28 U.S.C. § 1454 as designed by Congress when the statute was originally enacted in 2011.

## II.     Argument

**1.     The Younger abstention doctrine does not apply to this case, and the Court should not abstain from jurisdiction.**

Based on the Plaintiffs' research, the Defendant is asking this Court to be the first Court in the United States of America to hold that the Younger abstention doctrine applies when an entire state court case has been removed, leaving alone the Defendant's argument that the doctrine requires remand.

The crux of the Supreme Court's decision in *Younger* is that federal courts are forbidden "to stay or enjoin pending state court proceedings except under special circumstances." *Younger v. Harris*, 401 U.S. 37, 41 (1971). The Supreme Court of the United States later explained that "*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution." *Sprint v. Jacobs,* 134 S. Ct. 584, 588 (2013).

> **A. Parallel proceedings must be present for the Younger abstention doctrine to apply. There are no parallel proceedings in this case. As a result, the doctrine does not apply.**

Parallel state proceedings are a necessary element of the Younger abstention doctrine. *Jernigan v. Crane*, 64 F. Supp.3d 1260, 1269 (E.D. Ark. 2014) ("Younger doctrine applies only to three classes of parallel proceedings"). Younger considers the general scenario when a state case is pending and in litigation, and a new case is filed in federal court asking the federal court to exact some control over the state case.

"*Younger* abstention is inapplicable in the absence of an ongoing state proceeding." *In re Burns & Wilcox, Ltd*, 54 F.3d 475, 477-478 (8th Cir. 1995). Upon removal, the state proceedings terminated. 28 U.S.C. § 1446(d). Furthermore, all claims in this case have been removed though 28 U.S.C. § 1454 and 28 U.S.C. § 1367 ("supplemental jurisdiction"). As a result, this case does not involve parallel state proceedings. Even if there were parallel state proceedings "the pendency of an action in [a] state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Sprint*, 134 S. Ct. at 588. Accordingly, Younger abstention is inapplicable to this case.

> **B. Even if there were a parallel proceeding, this case does not fall into any of the three categories of parallel proceedings required for Younger abstention are present.**

Younger abstention is only invoked when certain circumstances of parallel state proceedings are present. Application of the Younger abstention doctrine to this case fails because this case is not one of the "exceptional circumstances" described in *Sprint* below.

> [T]he Supreme Court has narrowed the application of *Younger* to three "exceptional circumstances." The Supreme Court recently held that the *Younger* doctrine applies only to three classes of parallel proceedings: (1) "state criminal prosecutions"; (2) "particular state civil proceedings that are akin to criminal prosecutions"; and (3) "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." [*Sprint v. Jacobs,* 134 S.Ct. 584, 588 (2013)]; *see id.* at 591 ("We have not applied *Younger* outside these three 'exceptional' categories, and today hold ... that they define *Younger's* scope."); *see id.* at 588 ("Abstention is not in order simply because a pending state-court proceeding involves the same subject matter.").

*Jernigan*, 64 F. Supp.3d at 1269.

The first and second circumstances of proceedings subject to Younger abstention are inapplicable to this case because the case is not a criminal proceeding, nor akin to one. The third class of circumstance requires the involvement of certain orders uniquely in furtherance of the state court's ability to perform their judicial function.

Here, this removal action is based on copyright law, which is the basis of the Federal Court's original jurisdiction, and not any order uniquely in furtherance of the state court's ability to perform its judicial function because 28 U.S.C. § 1338 confers exclusive jurisdiction to federal courts over copyright claims. In 2011, Congress amended 28 U.S.C. § 1338 ("Patents, plant variety protection, copyrights, mask works, designs, trademarks, and unfair competition") to add the language "no State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights." Leahy-Smith America Invents Act, Pub. L. No. 112-29 § 19, 125 Stat 284, 331 (2011). This change which gives federal courts **exclusive** jurisdiction over copyright

actions shows there is no important state interest. Defendant cites no authority showing that copyright proceedings are an important state interest that requires the Court remand the case.

### C. Defendant's authority concerning Younger abstention is inapplicable and outdated.

Defendant states in his motion that Younger abstention is permitted for state actions involving contempt, citing *Sprint*. The Supreme Court in *Sprint* did not hold that Younger abstention applies in state actions involving contempt. However, the Court did reference a Younger abstention case that dealt with civil contempt, *Juidice v. Vail*, 430 U.S. 327 (1977). In *Juidice*, the complainant was found in contempt of state court by written order and brought a complaint in federal court under 42 U.S.C. § 1983 seeking "to have the statutory provisions authorizing contempts enjoined as unconstitutional." 430 U.S. at 328-329. Younger abstention was applicable in *Juidice* because there were parallel court proceedings.

*Juidice* is procedurally distinct from this case because are no parallel court proceedings in this case. Additionally, the individual in *Juidice* sought relief in federal court through a complaint, not removal. These procedural differences distinguish *Juidice* from this case. While the Supreme Court in *Juidice* does state that the contempt process is an important state interest, the court does not discuss how the interest applies when a case is validly removed, and no parallel proceedings are present, which is the situation this Court faces.

Defendant states in his motion that *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245 (8th Cir. 2012) provides three criteria that are required to satisfy the Younger abstention doctrine but did not cite the criteria in his motion.

*Tony Alamo* provides that "federal courts should abstain from exercising their jurisdiction if (1) there is an ongoing state proceeding, (2) that implicates important state interests, and (3) that provides an adequate opportunity to raise any relevant federal questions." 664 F.3d at 1249. These three criteria predate the Supreme Court's guidance on Younger abstention offered in *Sprint*. The 8th Circuit has acknowledged that, concerning Younger abstention, *Sprint* controls, not *Tony Alamo*. *See Banks v. Slay*, 789 F.3d 919, 923 (8th Cir. 2015) (the 8th Circuit applied the *Sprint* standard when evaluating the application of Younger abstention doctrine). Even if the Tony criteria controlled, *Tony Alamo* does not provide an application of Younger abstention to circumstances similar to this case. The Plaintiffs in *Tony Alamo* filed separate federal court proceedings parallel to state court proceedings. *Tony Alamo* does not address the application of Younger abstention in the removal context.

      State court is not the proper location to raise copyright law claims because Congress provided that copyright claims are the exclusive jurisdiction of federal courts. 28 U.S.C. § 1338. It was proper for the Plaintiffs to remove the case to federal court once the existence of a copyright issue was made known to the Plaintiffs. 28 U.S.C. § 1454. The Younger authority provided by the Defendant is insufficient to show that the court should abstain from jurisdiction. As a result, the court should not be persuaded by the Defendant's argument. Therefore, Younger abstention does not apply, and there is no doubt that the Court should retain jurisdiction of the entire removed action.

**2.      The Plaintiffs have properly invoked 28 U.S.C. § 1454, which permits removal of a civil action to federal court by any party where the sole basis for removal rests in copyright law and followed proper procedure for removal of this civil action.**

The Defendant has argued in his Motion that the Plaintiffs lack standing under the removal statutes. Doc. 11 pg. 3. The Defendant's argument is couched in terms of whether this Court has jurisdiction to hear the removed action, not any erroneously referenced standing argument. The substance of the Defendant's argument makes no reference to any standing jurisprudence. See e.g. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992).

Historically, it is true that Defendants could only remove cases to federal court. That changed when Congress passed the Leahy-Smith America Invents Act in 2011 permitting removal of certain actions (including copyright actions) by any party when certain circumstances are present. Pub. L. No. 112-29 § 19, 125 Stat 284, 332 (2011). This new statute permitting any party to remove a case to federal court was codified at 28 U.S.C. § 1454.

> (a) In general.--A civil action in which any party asserts a claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights may be removed to the district court of the United States for the district and division embracing the place where the action is pending.
>
> (b) Special rules.--The removal of an action under this section shall be made in accordance with section 1446, except that if the removal is based solely on this section—
>
>    (1) the action may be removed by **any party**;

28 U.S.C. § 1454(a)-(b)(1).

It follows that the Plaintiffs were permitted to remove this case following the procedure provided in §1446(a), because they only rely on 28 U.S.C. § 1454.

Defendant argues that citing multiple removal statutes prevents removal from being based solely on 28 U.S.C. § 1454. This contention could not be further from the truth. The first statute cited by the Plaintiffs illustrates exceptions to the general rule for removal. 28 U.S.C. § 1441. The second statute provides for removal procedures. 28 U.S.C. § 1446. Finally, § 1454 provides a substantive basis to remove, a provision "expressly provided by Act of Congress." 28 U.S.C. § 1441(a).

The string citation offered by the Plaintiffs is a thorough citation to portions of removal statutes relevant to the Court's analysis of whether removal is proper. Because the case was solely removed pursuant to the existence of copyright issues, removal by the Plaintiffs is proper. 28 U.S.C. § 1454(a)-(b).

**3.     The Plaintiffs have a basis for removal under 28 U.S.C. § 1446(b)(3).**

Plaintiffs timely and properly removed this case to federal court. Plaintiffs may remove cases on the basis of copyright issues when it is the sole basis for removal. The procedure for the removal of copyright cases is generally contained in § 1446 with two notable exceptions contained in the text of § 1454(b). 28 U.S.C. § 1454(b).

> (b) Special rules – The removal of an action under this section shall be made in accordance with section 1446, except that if the removal is based solely on this section—
>
>   (1) The action may be removed by any party; and
>
>   (2) The time limitations contained in section 1446(b) may be extended at any time for cause shown.
>
> 28 U.S.C. § 1454(b)

> [I]if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. §1446(b)(3).

Because Plaintiffs are allowed to remove under § 1454, §1446(b)(3) permits **any party** "after receipt [of an amended motion] from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §§ 1446(b)(3), 1454(b)(1)

The Defendant's argue that the Plaintiffs lack a basis for removal under 28 U.S.C. § 1446 citing the Voluntary-Involuntary Rule created by *Powers v. Chesapeake & Ohio R. Co.*, 169 U.S. 92, 99-101 (1898), and explained in *In re Iowa Manufacturing Company of Cedar Rapids, Iowa*, 747 F.2d 462 (8th Cir. 1984). As stated by *Cedar Rapids*:

> The [voluntary-involuntary] rule establishes a bright line test for evaluating removability. If the dismissal of a defendant in state court creates complete diversity between all parties so that the case may be removed to federal court, the propriety of removal is determined according to whether the dismissal was voluntary or involuntary with respect to the plaintiff.

747 F.2d at 464.

This rule is inapplicable. Diversity jurisdiction is not implicated in this case. Removal jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1454. Much of the precedent cited by the Defendant is inapplicable, as the holdings are based on removal pursuant to diversity jurisdiction, not the relationship between §§ 1446 and

1454. Defendant's authority on this issue is not applicable and should not persuade the Court to adopt his position.

It is worth noting, that until the time the Defendant filed his Motion for Temporary Restraining Order, there was no known or foreseeable contest over whether the Defendant or the Plaintiff SWS Engraving, LLC owned the intellectual property which is an asset of the dissolution. Once the Defendant claimed ownership of that intellectual property through his Motion, this Court obtained jurisdiction by the necessary resolution and interpretation of Title 17 ("Copyrights").

WHEREFORE, premises considered, the Plaintiffs hereby request this Court find that Younger abstention does not apply, find that Plaintiffs' removal was properly founded in law and fact, retain jurisdiction of all removed claims, and for any and all other legal and equitable relief this Court deems just and proper.

Dated this 13th day of March 2018.

Respectfully Submitted,

WARREN HANSON

SWS ENGRAVING, LLC

PLAINTIFFS

By: /s/ Wm. Blake Montgomery
Montgomery Law Firm, PLLC
Wm. Blake Montgomery, AR Bar No. 2015043
Jim A. Burke, AR Bar No. 2017185
200 S. Elm | BancorpSouth Bldg.
P.O. Box 785 | Hope, Arkansas 71802
(870) 777-6700 Phone | (870) 777-6703 Fax
blake@bmontgomerylaw.com
jim@bmontgomerylaw.com
*Attorneys for the Plaintiffs*

## **CERTIFICATE OF SERVICE**

 I certify that a copy of the foregoing was served upon the following people in accordance with the Federal Rules of Civil Procedure:

Calvin Beasley
405 E. 3rd Street S.
Prescott AR 71857
*Attorney for Separate Defendant Steven K. Randall*
*Via CM/ECF*

Winston C. Mathis
P.O. Box 399
Arkadelphia, AR 71923
*Attorney for Separate Defendant Jennifer Randall*
*Via CM/ECF*

Dated this 13th day of March 2018.

              /s/ Wm. Blake Montgomery
              Wm. Blake Montgomery
              Jim A. Burke