IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WARREN HANSON, individually; and
SWS ENGRAVING, L.L.C., by and through
Warren Hanson, a Member of SWS
Engraving, L.L.C.                                                          PLAINTIFFS

v.                                 Case No. 4:18-cv-04025

STEVEN K. RANDALL; and
JENNIFER RANDALL                                                    DEFENDANTS

## ORDER

Before the Court is a Motion to Remand filed by Separate Defendant Steven K. Randall ("Randall"). ECF No. 11. Plaintiffs Warren Hanson and SWS Engraving, L.L.C. (collectively "Plaintiffs") have filed a response in opposition to the motion. ECF No. 21. Randall has filed a reply. ECF No. 23. Separate Defendant Jennifer Randall has filed an Objection to Removal, which incorporates Randall's filings and raises additional concerns regarding the Court's subject matter jurisdiction over this matter. ECF No. 18. The Court finds this matter fully briefed and ripe for consideration. For the reasons explained below, Randall's motion is granted in part and denied in part.[1]

## I. BACKGROUND

### A. Factual Allegations

Plaintiffs initially commenced this action in the Circuit Court of Hempstead County, Arkansas, on December 20, 2017, seeking damages for multiple state law claims, including breach of fiduciary duty, conversion, conspiracy, fraud, and civil action by a crime victim pursuant to

---

[1] Randall has filed a separate motion to dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. ECF No. 13. Because the Court concludes that it lacks subject matter jurisdiction over this action, the Court declines to consider Randall's motion to dismiss and, accordingly, denies it as moot.

Ark. Code Ann. § 16-118-107. ECF No. 3. Plaintiffs amended their complaint in state court on February 9, 2018, raising substantially similar claims as those asserted in the original complaint, with the exception of an additional request for judicial dissolution pursuant to Ark. Code Ann. § 4-32-902. ECF No. 4. The amended complaint also includes additional facts in support of its claims and is accompanied by the Operating Agreement for SWS Engraving, L.L.C. ("SWS Engraving"), and a felony information concerning charges filed in the Circuit Court of Hempstead County, Arkansas, against Separate Defendant Jennifer Randall ("Jennifer Randall"). *Id*.

Plaintiffs' amended complaint alleges that Hanson and Randall were the only members of SWS Engraving, an Arkansas limited liability company with its principal place of business located in Hope, Arkansas. *Id*. at ¶ 14. According to the amended complaint, Randall hired his wife, Jennifer Randall, in February 2011 to work as the office manager for SWS Engraving. *Id*. at ¶ 15. The amended complaint further alleges that, during the course of her employment, Jennifer Randall embezzled approximately $150,000 from the business by forging Hanson's signature on multiple SWS Engraving checks and, in turn, "exchang[ing] the checks from banks, financial institutions, and other goods and services from other vendors." *Id*. at ¶¶ 18-20. It is alleged that Hanson maintained sole authority to sign checks on behalf of SWS Engraving. *Id*. at ¶ 17.

The amended complaint asserts that Jennifer Randall was subsequently charged with multiple felonies for her alleged embezzlement of company funds, including theft of property and forgery. *Id*. at ¶ 22. It is alleged that Randall enabled and financially benefited from the embezzlement of company funds by his wife and breached his fiduciary duty by failing to properly hire, supervise, or monitor the activities she performed as an office manager for SWS Engraving. *Id*. at ¶¶ 23-28. The amended complaint further alleges that the parties have come to "disagree as to the management of the business affairs" of SWS Engraving, which has "obstructed the

purposes" of the company and "prevent[ed] it from operating pursuant to [the company's] Operating Agreement." *Id*. at ¶¶ 29-32.

### B. Procedural Background

The Court will next provide a brief recitation of the ensuing state court proceedings to place the instant motion in its proper context. On January 12, 2018, in response to Plaintiffs' original complaint, Randall filed two motions to dismiss and a motion for more definite statement. ECF No. 1-1 at 18. Randall also asserted a counterclaim for judicial dissolution of the company, as well as a counterclaim pursuant to Ark. Code Ann. § 4-32-402(1), which sought to hold Hanson liable for losses the company sustained as a result of his alleged failure to routinely monitor the company's checking account. *Id.* at 43-46. In addition, Randall's filings asserted a state tort claim of outrage against Hanson and sought the appointment of a receiver to conduct the dissolution and winding up of the company. *Id*. at 25. On the same date, Randall filed a motion for appointment of a receiver, as well as for a preliminary injunction to "assist the receiver in preserving [the company's] assets and preventing waste during the pendency of [the] proceedings." *Id.* at 61. Jennifer Randall filed her answer to the original complaint on January 26, 2018, which did not assert any counterclaims. *Id*. at 92.

Notably, on February 13, 2018, Randall filed a motion for a temporary restraining order against Plaintiffs pursuant to the Arkansas Trade Secrets Act, Ark. Code Ann. § 4-75-604. *Id.* at 152. Randall's motion asserted that Hanson removed several items owned by Randall, including an external hard drive, without his knowledge or permission. *Id*. at 153. Randall averred that the hard drive contained "computer programs and unique proprietary artwork" that he owned. *Id*. The motion further asserted that Plaintiffs' counsel admitted that his client took the hard drive and offered to return it once its contents had been deleted. *Id.*

3

On February 13, 2018, the state court issued a temporary restraining order, which ordered Plaintiffs to "immediately cease and desist from attempting to gain possession, control, or otherwise misappropriate any trade secrets owned, or arguably owned, by [Randall], or in which [Randall] individually holds rights of use, including any personal property on which those trade secrets may be maintained or stored, including electronic equipment or devices, and any other forms or tangible or intangible personal property." *Id*. at 168. The court scheduled a hearing on the matter for February 22, 2018. *Id*. In response, Plaintiffs filed a motion to dissolve the temporary restraining order on February 14, 2018. *Id*. at 169. Plaintiffs subsequently filed a motion on February 16, 2018, which sought a stay of the proceedings pending an appeal of the order. *Id*. at 183.

On February 21, 2018, Plaintiffs filed a Notice of Removal in this Court, asserting that this Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 (federal courts have original jurisdiction over civil actions arising under federal law) and 1338 (federal courts have original jurisdiction over disputes arising under the Copyright Act). ECF No. 1, p. 2. Plaintiffs' removal petition also claims that this action may be removed pursuant to 28 U.S.C. §§ 1441(a) (defendant may remove civil action brought in state court when federal court has original jurisdiction), 1446(a) (procedure for removal) and 1454(a) (copyright claims removable by any party). *Id.* at 3.

In response to Plaintiffs' removal petition, Randall filed the instant motion requesting that the Court abstain from hearing this matter or, alternatively, remand the matter to the Hempstead County Circuit Court. Specifically, Randall urges the Court to abstain from exercising its jurisdiction pursuant to the *Younger* and *Rooker-Feldman* abstention doctrines. Randall further contends that the Court should remand this action based on various procedural defects in Plaintiffs'

removal petition. In addition, Randall avers that removal was improper because the Court lacks federal question jurisdiction. Randall also seeks an award of attorneys' fees and costs incurred as a result of bringing the instant motion pursuant to 28 U.S.C. § 1447(c). The Court will consider each of the arguments raised in Randall's motion in turn.

## II. DISCUSSION

The Court finds that Randall's *Younger* abstention argument is inapplicable to the case at bar and declines to consider whether the *Rooker-Feldman* doctrine applies. However, the Court concludes that remand to the Hempstead County Circuit Court is warranted because the Court lacks federal question jurisdiction over this action. In addition, the Court finds that Plaintiffs' basis for removal was not objectively unreasonable and, accordingly, denies Randall's request for attorneys' fees and costs.

### A. Whether the Court Should Abstain Under the *Younger* or *Rooker-Feldman* Abstention Doctrines

#### 1. *Younger* Abstention Doctrine

Randall first moves the Court to abstain from exercising jurisdiction and remand this case to state court under the doctrine of abstention as set forth in *Younger v. Harris*, 401 U.S. 37, 44 (1971). In *Younger*, the Supreme Court held that federal courts are required to abstain from interfering in pending state court criminal prosecutions in the absence of unusual circumstances. *Id*. *Younger* has since been expanded through a line of cases, which provide that "[f]ederal court abstention is warranted when one of a few 'exceptional' types of parallel pending state court proceedings exist: 'state criminal proceedings, civil enforcement proceedings, and civil proceedings involving certain orders that are uniquely in furtherance of the state court's ability to perform their judicial function.'" *Banks v. Slay*, 789 F.3d 919, 923 (8th Cir. 2015) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 134 S. Ct. 584, 588, 187 L. Ed. 2d 505 (2013)).

Randall argues that the Court should abstain under the *Younger* doctrine because Plaintiffs were "willfully in contempt of the TRO at the filing of the Notice of Removal and remain in contempt of the TRO to date." ECF No. 12, p. 11. Randall relies on the Supreme Court's decision in *Juidice v. Vail*, 430 U.S. 327 (1977), in support of the proposition that "[t]he Younger abstention doctrine applies in situations where a party facing contempt of a state court order in a state court civil action removes the case to federal district court while remaining in contempt of the state court order." *Id*. at 11-12. Plaintiffs counter that *Juidice* is "procedurally distinct" from the case at bar "because there are no parallel court proceedings." ECF No. 21, p. 5.

In *Juidice*, Vail was held in civil contempt of court after he failed to attend a hearing concerning his noncompliance with a subpoena, which required his attendance at a deposition. *Id*. at 329. As part of the court's contempt order, Vail was fined in the amount of $250 plus costs. *Id*. Vail failed to pay the fine and was jailed. *Id*. at 329-30. Vail was released from jail the following day upon his payment of the fine in accordance with the court's order. *Id*. at 330. Vail, along with several co-plaintiffs, subsequently filed a class action lawsuit in federal district court seeking to have New York's statutory contempt procedures declared unconstitutional under the Fourteenth Amendment to the United States Constitution. *Id*. A three-judge district court issued an opinion declaring that the contempt procedures were unconstitutional and enjoined the operation of the statutes against Vail and the members of the class. *Id*. at 331. Reasoning that the principles of federalism and comity enunciated in *Younger* apply "to a case in which the State's contempt process is involved," the Supreme Court held that the district court erred in enjoining the enforcement of the contempt procedures. *Id*. at 334-335.

At least one federal court of appeals has refused to read *Juidice* as requiring abstention when state court contempt proceedings were "merely threatened" and not pending. *WXYZ, Inc. v.*

6

*Hand*, 658 F.2d 420, 423 (6th Cir. 1981). In *WXYZ*, a priest was arrested and charged with second degree criminal sexual conduct. *Id*. at 421. Pursuant to a Michigan state law, a state court judge, Hand, issued an order suppressing the names of the victim and the actor until the actor was arraigned, the charges were dismissed, or the case was otherwise resolved. *Id*. At a press conference, Hand explained that the order applied to everyone and that violators would be subject to the court's contempt powers. *Id*. A local news station reported on the incident and disclosed the priest's name in violation of the suppression order. *Id*. The news station subsequently filed an action in federal district court to restrain Hand from enforcing the suppression order and to have the state law declared unconstitutional. *Id*.

The district court issued a preliminary injunction and later found the state law to be invalid, as well as any orders issued pursuant to the law. *Id*. The district court later allowed the parties to conduct fact discovery for the purpose of determining whether it should have issued a permanent injunction. *Id*. In response to an interrogatory, Hand stated that he intended to initiate contempt proceedings against the news station regardless of the district court's order. *Id*. A permanent injunction was subsequently issued. *Id*.

Hand appealed the injunction, arguing that the district court should have abstained from adjudicating the case. *Id*. Specifically, Hand argued that "because his suppression order [was] a vital prerequisite to a future criminal contempt proceeding, the order itself should [have been] regarded as a pending criminal proceeding." *Id*. at 423. The Sixth Circuit rejected Hand's abstention argument, noting that "neither a contempt order nor an order to show cause why appellees should not be held in contempt [had been] issued." *Id*. Thus, the court concluded that "the genuine threat of prosecution" did not require it to consider Hand's *Younger* considerations. *Id*. at 423-424.

7

Similar to the court in *WXYZ*, the Court concludes that Randall's reliance on the *Younger* abstention doctrine is misplaced. Although Randall maintains that Plaintiffs are in contempt of the temporary restraining order issued by the Hempstead County Circuit Court, no formal contempt proceedings have been instituted in state court. Accordingly, the Court finds that the *Younger* abstention doctrine is inapplicable to the present case.

### 2. *Rooker-Feldman* Abstention Doctrine

Randall's other argument for abstention is based on the *Rooker-Feldman* abstention doctrine. The Court notes that Randall raises this argument for the first time in his reply brief. "[A]s a general rule, courts in the Eighth Circuit will not consider arguments raised for the first time in a reply brief." *Muhammad v. Wheeler*, 171 F. Supp. 3d 847, 853 (E.D. Ark. 2016) (citing *Barham v. Reliance Standard Life Ins. Co.*, 441 F.3d 581, 584 (8th Cir. 2006); *Armstrong v. Am. Pallet Leasing Inc.*, 678 F.Supp.2d 827, 872 (N.D. Iowa 2009)). Because Plaintiffs have not been afforded an opportunity to respond, the Court declines to consider Randall's *Rooker-Feldman* argument. *See Gaston v. Terronez*, No. 1:08-CV-01629-GSA-PC, 2012 WL 652640, at *6 (E.D. Cal. Feb. 28, 2012) (citing *Lane v. Dep't of Interior*, 523 F.3d 1128, 1140 (9th Cir. 2008)) (declining to consider argument for *Rooker-Feldman* abstention raised for first time in reply brief).

In sum, the Court concludes that the *Younger* abstention doctrine does not entitle Randall to dismissal of this action. The Court further declines to consider Randall's argument for abstention pursuant to the *Rooker-Feldman* doctrine. Accordingly, the Court will focus the remainder of its analysis on whether the removal from the Hempstead County Circuit Court was otherwise improper.

### B. Whether Remand is Warranted Based on Lack of Federal Question Jurisdiction

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Title 28 U.S.C. § 1447(c) "requires the federal district court to remand

the case to state court if the federal court lacks jurisdiction." *Convent Corp. v. City of N. Little Rock, Ark.*, 784 F.3d 479, 483 (8th Cir. 2015) (citing § 1447(c)). The party seeking removal and opposing remand bears the burden of establishing federal jurisdiction. *In re Bus. Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993) (citation omitted). "Federal courts are to 'resolve all doubts about federal jurisdiction in favor of remand' and are strictly to construe legislation permitting removal." *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007) (quoting *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir.1997)).

Pursuant to 28 U.S.C. § 1338(a), district courts have original jurisdiction over "any civil action arising under any Act of Congress" relating to copyrights. The general removal statute states that, unless otherwise expressly provided for by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "Under the well pleaded complaint rule, a federal question must appear on the face of the plaintiff's complaint in order to create federal question jurisdiction." *Johnson v. MFA Petroleum Co.*, 701 F.3d 243, 247 (8th Cir. 2012) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

As previously mentioned, Plaintiffs seek removal pursuant to 28 U.S.C. § 1454, a recently enacted exception to the well pleaded complaint rule. Section 1454 provides that "[a] civil action in which any party asserts a claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights may be removed to the district court of the United States for the district and division embracing the place where the action is pending." As one district court recently explained,

> Congress passed 28 U.S.C. § 1454 in response to the Supreme Court's decision in *Holmes Group, Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002), which held that a defendant's counterclaim under the Copyright Act could not serve as the basis for federal jurisdiction. *See Andrews v. Daughtry*, 994 F.Supp.2d 728, 731-32 (M.D.N.C.2014) ("The rule articulated in *Holmes Group* meant that state courts could end up adjudicating a significant amount of federal patent claims."). In response, Congress passed the so-called "*Holmes Group* fix," included in the 2011 Leahy–Smith America Invents Act. (citing Joe Matal, *A Guide to the Legislative History of the America Invents Act: Part II of II,* 21 Fed. Cir. B.J. 539, 539 (2012)).

*Sleppin v. Thinkscan.com, LLC*, 55 F. Supp. 3d 366, 377-78 (E.D.N.Y. 2014). Thus, pursuant to section 1454(a), "the assertion of a copyright claim by either plaintiff or defendant may serve as the basis for removal." *Concordia Partners, LLC v. Pick*, No. 2:14-CV-09-GZS, 2014 WL 4060253, at *1 (D. Me. Aug. 14, 2014).

In their removal petition, Plaintiffs assert that Randall's motion for temporary restraining order "alerted the Plaintiffs to the copyright issues in this case, thus granting the Plaintiffs the ability to remove the state court case" under section 1454(a). ECF No. 1, p. 3. Specifically, Plaintiffs maintain that "the claims in this action require construction of the copyright laws, thus invoking federal question jurisdiction." *Id*. at 2. Jennifer Randall argues that the Court lacks federal question jurisdiction, as none of the parties' filings raise claims concerning copyright law. ECF No. 18, p. 2. In addition, Jennifer Randall avers that Plaintiffs' contention that the motion for temporary restraining order alerted them to copyright claims is without merit, as "[n]one of the statutes regarding removal cite an anticipated, inchoate, or unpled issue as a basis for removal." *Id*. at 3.

Thus, the primary issue before the Court is whether Randall's motion for temporary restraining order—made pursuant to the Arkansas Trade Secrets Act—is sufficient to establish federal question jurisdiction pursuant to section 1454(a). Because section 1454 is relatively new, there is a dearth of case law directly addressing this question. However, the court's opinion in

*Kamdem Ouaffo v. Naturasource Int'l, LLC*, No. CV 15-6290, 2015 WL 5722837, at *1 (D.N.J. Sept. 29, 2015), is particularly instructive.

In *Kamdem*, the plaintiff was engaged in the business of manufacturing and distributing food flavor ingredients and formula. *Id*. The plaintiff contacted one business to discuss his products, and that business subsequently contacted another business to explore using the plaintiff's product line in pet food. *Id*. In order to facilitate the discussions, both businesses signed non-disclosure agreements concerning the plaintiff's products and, in return, the plaintiff released proprietary information and formulas. *Id*. The business relationship between the parties eventually soured and, despite numerous requests, the businesses refused to return the plaintiff's proprietary information related to his products. *Id*. The plaintiff later discovered that one of the businesses filed a patent application allegedly utilizing his proprietary information. *Id*.

The plaintiff subsequently filed an action in New Jersey state court alleging misappropriation of trade secrets, violation of the New Jersey Trade Secrets Act, misappropriation of confidential and proprietary information, breach of nondisclosure agreement, breach of contract, breach of fiduciary duty, unjust enrichment, breach of the covenant of good faith and fair dealing, tortious interference of economic advantage and business opportunities, unfair competition, and fraud. *Id*. After the close of discovery, the plaintiff filed a Notice of Removal in federal district court pursuant to section 1454. *Id*. In his notice of removal, the plaintiff claimed that the district court had federal question jurisdiction under section 1338, which provides that federal courts have original and exclusive jurisdiction over patent claims. *Id*. at *2.

The district court found that the plaintiff could not remove pursuant to section 1454, as he failed to plead any federal claims in the complaint. *Id*. The court explained that the plaintiff's assertion of patent claims was limited to his notice for removal and that the complaint failed to

"assert any patent claims, but rather restricted its claims to contract and tort claims that do not arise under patent law, or any other federal law." *Id*. The court further found that raising a patent law claim for the first time in a notice of removal was insufficient to establish jurisdiction under section 1454, as a party can only "assert a claim for relief" in a pleading. *Id*. Because the complaint did not raise any federal claims, the court concluded that it lacked subject matter jurisdiction and remanded the case to state court. *Id*.

In the present case, the Court similarly finds that it lacks subject matter jurisdiction over this matter. Like the plaintiff in *Kamdem*, Plaintiffs' amended complaint asserts state law claims and fails to raise any claims related to copyright law. Although Randall's motion for temporary restraining order raised concerns pursuant to the Arkansas Trade Secrets Act, this does not necessarily mean that the issues presented in that motion implicate copyright law. *See* Frank J. Bozzo, *Can You Keep A Secret? A Primer on the Arkansas Trade Secrets Act*, 1997 Ark. L. Notes 103, 115 (1997) (describing the differences between copyrights and trade secrets). Regardless, as the *Kamdem* court explained, neither Plaintiffs' Notice of Removal nor Randall's motion for temporary restraining order is a pleading that can "assert a claim for relief" related to copyrights as required by section 1454. *See* 5 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1183 (3d ed.) (listing what constitutes a "pleading" under the federal rules). Accordingly, the Court concludes that removal is not appropriate under section 1454.

### C. Whether Randall is Entitled to Attorneys' Fees and Costs Under Section 1447(c)

Randall next moves for an award of attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c), which provides that "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Eighth

Circuit has provided the following guidance for district courts to consider when determining whether to award attorneys' fees pursuant to section 1447(c):

> The Supreme Court has instructed that the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.

*Convent Corp.*, 784 F.3d at 483 (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005)). A district court does not consider the motive of the removing party when determining whether they lacked an objectively reasonable basis for seeking removal. *Id*. (citation omitted). Instead, the district court "must consider the objective merits of removal at the time of removal, irrespective of the ultimate remand." *Id*. (citation omitted).

Here, the Court finds that an award of attorneys' fees and costs is unwarranted. Although the timing of Plaintiffs' notice of removal is slightly concerning, the Court cannot say that Plaintiffs lacked an objectively unreasonable basis for removal in light of the relative newness of section 1454, as well as the scarcity of case law regarding its applicability. Accordingly, the Court declines to award attorneys' fees and costs to Randall.

## III. CONCLUSION

For the above reasons, the Court finds that Randall's Motion to Remand (ECF No. 11) should be and hereby is **GRANTED IN PART** and **DENIED IN PART**. The Court finds that it lacks subject matter jurisdiction in this case and **REMANDS** the case to the Circuit Court of Hempstead County, Arkansas. The Court further finds that Randall's request for attorneys' fees and costs should be and hereby is **DENIED**. As a result of this ruling, the Court declines to consider Randall's First and Second Motions to Dismiss and Motion for More Definite Statement (ECF No. 6), so that the motions can be decided by the Circuit Court of Hempstead County. In

13

light of the Court's decision to remand this action, Randall's Motion to Dismiss for Lack of Jurisdiction (ECF No. 13) should be and hereby is **DENIED AS MOOT**.

**IT IS SO ORDERED**, this 11th day of April, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge